UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD J. EICHELE, III,

           Plaintiff,

      v.                                Civil Action No.:

ORANGE COUNTY BMW and SANTANDER
CONSUMER FINANCE, USA,

           Defendants.

## VERIFIED COMPLAINT
(Jury Trial Demanded)

Plaintiff, Donald J. Eichele, III ("Plaintiff"), brings this action to secure redress against unlawful, unfair, abusive and deceptive lending and business practices engaged in by defendants, Orange County BMW ("OC BMW" or "Dealer") and Santander Consumer Finance, USA ("Santander" or "Bank")[1] relating to an automobile purchase transaction and alleges as follows:

## NATURE OF THIS ACTION

1. In this action Plaintiff seeks, among other things, statutory and actual money damages against Defendants for, *inter alia*, violations of the federal Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), the New York Motor Vehicle Retail Installment Sales Act, Sec. 302 *et. seq.* ("NY MVRISA"); New York General Business Law §§ 349 and 350, and common law claims for fraud and conversion and the federal Equal Credit Opportunity Act ("ECOA") 15 U.S.C. § 1691, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1640.

---

[1] OC BMW and Santander may hereinafter be collectively referred to as "Defendants".

3. This Court has authority to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

4. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue in this District is proper under 28 U.S.C § 1391 because a substantial part of the events and omissions complained of took place in this District and OC BMW maintains offices, transacts business, and is otherwise found in this district.

## PARTIES

6. Plaintiff is a natural person residing in the Pike County, Pennsylvania.

7. Upon information and belief, OC BMW, a car dealership, is a domestic corporation organized and existing under the laws of the State of New York with a place of business located at 101 Maher Ln, Harriman, NY 10926.

8. Upon information and belief, Santander is a division of a national banking association and, among other things, provides automobile loans and loan servicing nationwide including in the State of New York.

9. Santander is, upon information and belief, assignee of Plaintiff's contracts with OC BMW and, as a result, is subject to all claims and defenses pursuant to federal and New York law.

## FACTS

10. Plaintiff is a former customer of OC BMW, having entered earlier into a motor vehicle lease agreement in connection with the lease (the "Lease") of a 2017 BMW 440 SI C, Vehicle Identification Number WBA4U1C5HOH5A15731 (the "Vehicle"). The prior Lease transaction is not at direct issue in this litigation.

11. Towards the expiration of the Lease, Plaintiff approached OC BMW about financing the purchase of the Vehicle and submitted a credit application for that purpose.

12. OC BMW told Plaintiff that the proposed purchase transaction was denied by non-party BMW Group Financial Services but that other lenders were available that would approve the finance purchase.

13. To memorialize the transaction, OC BMW presented Plaintiff with a Retail Installment Simple Finance Contract (the "RISC"). The terms of the RISC differed significantly from the terms under which Plaintiff had initially agreed. Most significantly, the RISC included the purchase of a $3,000.00 "warranty" which Plaintiff did not ask for and did not want (the "Warranty").

14. Plaintiff asked OC BMW to explain why the transaction was being materially changed. OC BMW's representative offered a fraudulent and violative explanation that the lender required Plaintiff's purchase of the Warranty as a necessary condition to the financing of the Vehicle purchase.

15. Under these fraudulent pretenses, Plaintiff paid the $3,000.00 warranty fee with a debit card, signed the RISC and was told that the lender was non-party AmeriCredit Financial Services Inc. ("AmeriCredit").

16. While driving home from the dealership, Plaintiff received a phone call from OC BMW asking for additional paystubs. Even though Plaintiff had already signed the RISC, he complied and later provided the requested documents.

17. Concerned because no bills or other correspondence had come in the mail, Plaintiff contacted AmeriCredit asking about Plaintiff's account and how to make payments. The AmeriCredit representative stated that no account related to Plaintiff could

be found in their system. Plaintiff considered that the account may have not yet been fully processed and so decided to wait and follow up again with AmeriCredit later.

18. Plaintiff contacted AmeriCredit again and still not account could be found. Plaintiff escalated through AmeriCredit's customer support and was eventually advised that AmeriCredit had contacted OC BMW shortly after the transaction and because the loan application was incomplete and the application was cancelled.

19. At this point, Plaintiff did not know where to send his auto loan payments.

20. Plaintiff then received phone calls from Santander which identified itself as the assignee of the RISC.

21. Concerned, Plaintiff asked Santander for details of the loan terms including the monthly payment amount and the rate of interest. Plaintiff quickly realized the terms in Plaintiff's Santander account differed significantly from the terms agreed to in the RISC.

22. Digging deeper, Plaintiff discovered that while the rate of interest increased up approximately to 25%, the monthly payment actually went down by approximately $60.00, and the total cost of the loan was lower.

23. Plaintiff was suspicious that the difference in cost of the loan had something to do with the Warranty and called the warranty company who confirmed that the Warranty had been cancelled by OC BMW.

24. Plaintiff was later provided a copy of the loan documents from Santander and was stunned to see that it was a forgery (the "Forged RISC"). The Forged RISC differed from the initial RISC in that the $3,000.00 warranty was not included, the rate of

interest was increased, the loan payments were less, the overall cost of the sale was less and that Plaintiff's signature was forged.

25. At all relevant times Defendants acted willfully and in bad faith.

26. The unlawful actions described herein harmed Plaintiff.

**FIRST CAUSE OF ACTION**
**<u>VIOLATIONS OF TILA</u>**
(15 U.S.C. § 1601 *et. seq*. TILA – Against Defendants)

27. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

28. Plaintiff's transaction as described herein was a consumer credit transaction within the meaning of the TILA, and Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

29. Defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

30. Defendants are creditors within the meaning of TILA and Regulation Z, 15 USC § 1602(f) and Reg Z § 226.2(a)(17).

31. The RISC and the Forged RISC list a motor vehicle, an article of personal property, as collateral.

32. The RISC the Forged RISC are written agreements, payable in more than four installments.

33. The finance charge indicated on the RISC the Forged RISC exceed $1,000.00.

34. The copy of the RISC the Forged RISC that were provided to Plaintiff are inconsistent with oral disclosures made by OC BMW on the date of the transaction.

35. Defendants failed to provide Plaintiff with clear and conspicuous disclosures of the terms of the loan as required under TILA §§ 1631 and 1632 and Regulation Z.

36. The required purchase of the Service Contract as a condition of financing is a "finance charges" as defined under TILA § 1605(a) and Regulation Z § 226.4(a).

37. As a result of Defendants' failure to properly include this and/or other fees and charges as finance charges, the sale price, finance charge, amount financed, and APR disclosed in the RISC are all materially misstated, in violation of TILA and Regulation Z. e.g. § 1638(a)(2) through (5) and §226.18(b), (d), (e), and (h).

38. Defendants have failed to provide Plaintiff with clear and conspicuous disclosures of the terms of the loan as required under TILA and Regulation Z. e.g. 15 U.S.C. § 1632(a), § 1638(a), and Regulation Z, e.g. 12 C.F.R. § 226.17(a)(1).

39. As a result of Defendants' incomplete, inaccurate, and materially misstated disclosures, Plaintiff has suffered actual damages, including but not limited to over $3,000 in additional charges, some of which are additional fees corresponding to no legitimate good or service and some of which correspond to products that Plaintiff did not want or need, and all of which Defendants added to the transaction incident to the extension of credit.

40. Had Defendants provided complete and accurate disclosure of all terms, costs, finance charges and interest rates, Plaintiff would not have agreed to purchase the Vehicle on the terms and conditions imposed on her by Defendants and instead would have sought to purchase a vehicle without the unwanted and unnecessary additional charges imposed on them.

41.     Additionally, had Defendants provided complete and accurate disclosure of all terms, costs, finance charges and interest rates, Plaintiff would have sought and obtained an alternate transaction.

42.     For these reasons, Defendants are liable under TILA and Regulation Z (see, e.g. 15 U.S.C. §§ 1640 and 1641) for statutory damages, actual damages, attorneys' fees, litigation expenses and costs, for a declaratory judgment that they have violated TILA and Regulation Z, and for such other or further relief as the Court deems appropriate.

43.     Santander, upon information and belief, is assignee of the contracts entered into between OC BMW and Plaintiff as a result, is subject to all claims and defenses as the TILA violations set forth herein are clear upon the face of the documents assigned.

**SECOND CAUSE OF ACTION**
**<u>VIOLATIONS OF NEW YORK MVRISA</u>**
(N.Y.P.P.L. § 301 *et seq.* – Against Defendants)

44.     Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

45.     OC BMW is a "retailer seller" within the meaning of MVRISA §301(3).

46.     The transaction as described above involved a "retail installment sale" within the meaning of MVRISA §301(4).

47.     MVRISA expressly incorporates all TILA disclosure requirements, providing, in addition to all of its other requirements that "[a]ll items required to be disclosed by the act of congress entitled "Truth in Lending Act" and the regulations thereunder, as such act and regulations may from time to time be amended." §302(5)(1).

48.     As set forth above, Defendants violated numerous TILA provisions.

7

49. As set forth above, the RISC provided to Plaintiff was in gross violation of TILA's requirements.

50. The violations set forth herein were both knowing and willful.

51. Defendants had ample opportunities to correct the violations but failed to do so.

52. For all of the reasons stated herein, under MVRISA § 307, Defendants are barred from recovering any credit service charge, delinquency, or collection charge on the RISC and Plaintiff is entitled to costs and attorney's fees.

**THIRD CAUSE OF ACTION**
**DECEPTIVE TRADE PRACTICES**
(N.Y. Gen. Bus. Law § 349(h) – Against OC BMW)

53. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

54. Plaintiff is a person within the meaning of N.Y. Gen. Bus. Law § 349(h) who has been injured by reason of the deceptive acts or practices of Defendants.

55. Each of the deceptive acts and practices set forth herein constitute violations of NYGBL § 349 independent of whether these acts and practices constitute violations of any other law.

56. Each of these actions was consumer oriented and involves misleading conduct that is recurring and has a broad impact upon the public, or, in the alternative, such misleading practices are the types that could easily recur, could potentially impact similarly situated consumers, and are therefore consumer-oriented and harmful to the public at large.

57. Upon information and belief, OC BMW routinely hides the true cost of borrowing from its customers by, as in Plaintiff's case, misstating the amounts financed.

58. Upon information and belief, OC BMW routinely forgers consumers' signatures.

59. OC BMW's conduct and statements were materially misleading.

60. These deceptive acts and practices were committed in conduct of business, trade, commerce or the furnishing of a service in this state.

61. As a result of these violations of NYGBL §349, Plaintiff suffered pecuniary and non-pecuniary harm.

62. Upon information and belief, OC BMW's violations were willful and knowing and committed in bad faith.

63. For these reasons, Plaintiff is entitled to actual damages, three times the actual damages up to $1,000.00, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h), and declaratory judgment that OC BMW's practices are deceptive as defined under § 349.

## FOURTH CAUSE OF ACTION
(Common Law Fraud - OC BMW)

64. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

65. OC BMW asserted false representations of material facts as set forth above, including but not limited to, that Plaintiff could not finance the purchase of the Vehicle without the purchase of a $3,000.00 "service contract".

66. Upon information and belief, OC BMW knew that the representations were false, or the representations were made with such reckless disregard for the truth that knowledge of the falsity of the statement can be imputed to it. This is because OC

9

BMW knew that Plaintiff could finance the purchase the Vehicle without the $3,000.00 "service contract".

67. OC BMW intentionally and fraudulently concealed from Plaintiff that the terms of the RISC would be changed, and that Plaintiff's signature would be forged.

68. As part of this fraudulent scheme, OC BMW intentionally and fraudulently prepared the Forged RISC to disguise finance charges, inflate the rate of interest charged to Plaintiff.

69. OC BMW made these false representations for the purpose of defrauding Plaintiff and to entice him to buy the Vehicle and steal from him the $3,000.00 paid for the Warranty.

70. Had OC BMW told Plaintiff the truth, Plaintiff would not have signed the RISC and would have purchased a vehicle at a dealership where the contract terms were accurate.

71. Plaintiff justifiably relied upon OC BMW's misrepresentations in agreeing to sign the RISC.

72. Plaintiff suffered damages as a direct result of the reliance upon the misrepresentations.

**FIFTH CAUSE OF ACTION**
(N.Y. Gen. Bus. Law §396-q - OC BMW)

73. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

74. Plaintiff, a consumer, agreed to purchase a new vehicle, as defined in section one hundred twenty-five of the New York Vehicle and Traffic Law, from OC

BMW, a dealer as defined in section one hundred twenty-five of the New York Vehicle and Traffic Law, and signed the RISC, a contract supplied by OC BMW.

75. Pursuant to the RISC, an interest rate on the financing of the sale of the Vehicle was offered to Plaintiff by OC BMW at the time a deposit was made.

76. The Forged RISC stated an interest rate higher than the interest rate stated in the RISC.

77. Because the interest rate stated in Forged RISC is higher than the interest rate stated in RISC, OC BMW failed to guarantee the interest rate stated in the RISC in violation of N.Y. Gen. Bus. Law §396-q.

78. As a result of OC BMW's failure to guarantee the rate of interest stated in the RISC, Plaintiff has been injured and seeks damages and declaratory judgment pursuant to General Business Law §396-q.

**SIXTH CAUSE OF ACTION**
(Conversion - OC BMW)

79. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

80. At all times relevant hereto, Plaintiff had the exclusive right of possession to his $3,000.00 paid for the Warranty.

81. When OC BMW accepted and retained the $3,000.00 paid for the Warranty with knowledge that the Warranty would be cancelled, OC BMW exceeded its possessory right in the $3,000.00 paid for the Warranty without Plaintiff's consent or legal justification.

82. OC BMW acted with deceit, malice, fraud and with reckless disregard for the rights of Plaintiff.

83. The taking and retention of the $3,000.00 paid for the Warranty constitutes an unlawful acquisition of Plaintiff's property by OC BMW.

84. OC BMW's unlawful acquisition was made in conscious disregard of Plaintiff's rights and constitutes willful and/or wanton negligence.

85. By reason of the foregoing, Plaintiff is entitled to a money judgment in an amount to be proven at trial.

**SEVENTH CAUSE OF ACTION**
**<u>VIOLATIONS OF ECOA</u>**
(15 U.S.C. § 1692 et. seq. ECOA – OC BMW)

86. Plaintiff realleges and incorporates each of the above allegations as if fully set forth herein.

87. As part of the transaction complained of herein, Plaintiff submitted a credit application to OC BMW in connection with the purchase and financing of the Vehicle.

88. Apparently because it was unable to assign the RISC under terms favorable to OC BMW, OC BMW denied and or revoked credit to Plaintiff on substantially the terms for which he applied and for which OC BMW accepted as stated in the RISC.

89. When denying and or revoking credit to Plaintiff, OC BMW was required by ECOA, 15 U.S.C. §1691(d), to provide Plaintiff with an adverse action notice explaining the reasons for the denial. By failing to do so, OC BMW violated ECOA and is liable for both actual and punitive damages, as well as costs and attorney fees. 15 U.S.C. § 1691e. In fact, an award of punitive damages is mandatory:

> "Any creditor, other than a government or governmental subdivision or agency, who fails to comply with any requirement imposed under this title [15 USCS §§ 1691 *et seq.*] shall be liable to the aggrieved applicant for

punitive damages in an amount not greater than $10,000, in addition to any actual damages provided in subsection (a)".

90. After Plaintiff purchased the Vehicle from OC BMW, as stated in the RISC, OC BMW effectively revoked Plaintiff's credit, which is an adverse action under ECOA.

91. Upon information and belief, OC BMW regularly extends credit as evidenced by the RISC and when credit is denied or revoked it is OC BMW who makes that decision.

92. That OC BMW may attempt to seek other financing doesn't change its legal status as "creditor" in accordance with the RISC.

93. At no time did OC BMW provide Plaintiff with any written document in connection with the denial or revocation of credit or with the written notification as required by 15 U.S.C. § 1691(d) and 12 C.F.R. § 202.9(a)(2).

94. As a result of OC BMW's violation of ECOA and Regulation B, Plaintiff has suffered actual damages including, but not limited to, the $3,000.00 paid for the Warranty, embarrassment, humiliation, mental distress, and inconvenience, and OC BMW is liable, therefore.

95. The acts and omissions complained of herein were done by OC BMW intentionally, purposefully and in reckless disregard of the rights of Plaintiff.

96. Unless OC BMW is ordered to henceforth provide financing consumers with the written notification required by law, future consumers will continue to suffer irreparable injury where there is no adequate remedy at law.

97. Upon information and belief, the acts and omissions complained of herein were done by OC BMW as part of a pattern and practice of failing to provide the required written notice to credit applicants regarding whom adverse action has been taken. Upon information and belief, OC BMW maintains no procedures designed to ensure that the written adverse action notice will be provided to consumers.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment in her favor and grant the following relief:

1. **On the First Cause of Action:**
   Judgment in favor of Plaintiff and against Defendant for violating TILA awarding (a) statutory damages, (b) actual damages (c) costs; (d) reasonable attorneys' fees, and (e) ordering Plaintiff's obligation under the RISC void;

2. **On the Second Cause of Action:**
   Judgment in favor of Plaintiff and against Defendants for violating the MVRISA barring Defendants from recovering any credit service charge, delinquency, or collection charge on the RISC and Plaintiff's costs and attorneys' fees.

3. **On the Third Cause of Action:**
   Judgment in favor of Plaintiff and against OC BMW for violating NYGBL §349 awarding (a) actual damages, (b) three times the actual damages up to $1,000.00, and (c) costs and reasonable attorneys' fees;

4. **On the Fourth Cause of Action:**
   Judgment in favor of Plaintiff and against OC BMW for its fraud in an amount to be proven at trial including, but not limited to, incidental and consequential damages, punitive damages and attorney fees;

5. **On the Fifth Cause of Action:**
   Judgment in favor of Plaintiff and against OC BMW for actual and statutory damages, exemplary and punitive damages, attorney's fees and costs and declaratory judgment that OC BMW's acts and practices violate §396-q;

6. **On the Sixth Cause of Action:**
   Judgment in favor Plaintiff and against OC BMW for its conversion of the $3,000.00 paid for the Warranty including, but not limited to, incidental and consequential damages, punitive damages and attorney fees;

7. **On the Seventh Cause of Action:**
   Judgment in favor of Plaintiff and against OC BMW for violating ECOA relating to the RISC awarding (a) statutory damages, (b) actual damages (c) punitive (d) costs, and (e) reasonable attorneys' fees;

8. Any additional and further relief as may be deemed just and appropriate.

Dated: Nyack, New York
April 1, 2021

          **THE LAW OFFICES OF**
          **ROBERT J. NAHOUM, P.C.**
          *Attorneys for Plaintiff*

By:_____
          **ROBERT J. NAHOUM**
          48 Burd Street, Suite 300
          Nyack, NY 10960
          Telephone No.: (845) 450-2906
          Facsimile No.: (888) 450-8640
          Email: RJN@NahoumLaw.com